UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: REGINALD ALBERT BENJAMIN and LINDSEY RAE BENJAMIN | : | CHAPTER 13 |
| Debtors | : | |
| | : | |
| JACK N. ZAHAROPOULOS STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| REGINALD ALBERT BENJAMIN and LINDSEY RAE BENJAMIN | : | |
| Respondents | : | CASE NO. 1-24-bk-01762 |

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 29th day of August, 2024, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtors' plan for the following reason(s):

1. Debtors' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtors have not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtors' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

    a. Debtor(s)' plan violates §§ 1322(a)(1) and 1325(b) in that the debtor(s) has not submitted all or such portion of the disposable income required. The Trustee alleges and avers that debtor(s) disposable income is greater than the monthly amount committed to the plan based upon the means test calculation. Even plans that pay a 100% dividend to unsecured creditors are required to pay the monthly means test minimum amount, unless the plan pays a 100% dividend to unsecured creditors <u>and</u> interest is paid to unsecured creditors at the federal judgment interest rate. See *In re Parke,* 369 B.R. 204 (Bankr. M.D. Pa. 2007) and *In re Barnes,* 528 B.R. 501 (Bankr. S.D. Ga. 2015).

Trustee alleges and avers that debtors' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a. Debtor #2's monthly income is $8,001.00.

2. The Trustee avers that debtors' plan is not feasible based upon the following:

    a. The plan is inconsistent with Proofs of Claims filed and/or approved by the Court. (Arrearages on Claims #5 and #6.)

WHEREFORE, Trustee alleges and avers that debtors' plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

    AND NOW, this 29th day of August, 2024, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Paul Murphy-Ahles, Esquire  
2132 Market Street  
Camp Hill, PA   17011

               /s/Deborah A. DePalma  
               Office of Jack N. Zaharopoulos  
               Standing Chapter 13 Trustee