# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Reginald Albert Benjamin<br>**Debtor 1**<br>Lindsey Rae Benjamin<br>**Debtor 2** | **Chapter** 13<br><br>**Case No.** 1:24-BK-01762-HWV<br><br>**Matter:** Motion for Wage Attachment Order |

## DEBTOR(S)' MOTION FOR WAGE ATTACHMENT ORDER

AND NOW, come the Debtor(s), Reginald Albert Benjain and Lindsey Rae Benjamin, through their attorney, Paul D. Murphy-Ahles, Esquire and DETHLEFS PYKOSH & MURPHY, who files the within Debtor(s)' Motion for Wage Attachment Order and aver as follows:

1) Debtor(s) filed a Chapter 13 Petition on or about July 19, 2024.

2) Debtor 2, Lindsey Rae Benjamin, receives regular income from employment with **PennState Health**, which may be attached under 11 U.S.C. §1326 to fund Debtor(s)' Chapter 13 Plan. Debtor(s) have proposed a Plan under which a portion of future earnings or wages is to be paid to the Standing Chapter 13 Trustee, for the benefit of creditors, in the amount of **$203.54** from each **bi-weekly** paycheck.

3) The likelihood of success in this case will be much greater if Debtor 2's income is attached to fund the Plan, and Debtor 2 consents to the wage attachment.

5) Debtor 2's employer should be ordered to deduct from Debtor 2's future earnings or wages the periodic amount proposed by the Plan filed herein, and to pay said amount forthwith to the Standing Chapter 13 Trustee appointed by the Court and continue such periodic deductions and payments until such time as the Plan submitted by Debtor 2 is consummated, or until further order of the Court.

WHEREFORE, the Debtor(s) respectfully requests that this Court enter an Order directing the above-mentioned employer to pay the Standing Chapter 13 Trustee in the amount set forth in the attached Order.

Respectfully submitted,

Date: December 5, 2024

/s/ Lindsey Rae Benjamin

Debtor 2

**DETHLEFS PYKOSH & MURPHY**

/s/ Paul D. Murphy-Ahles

Paul D. Murphy-Ahles, Esquire
PA ID No. 201207
2132 Market Street
Camp Hill, PA 17011
(717) 975-9446
pmurphy@dplglaw.com
*Attorney for Debtor(s)*

# UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Reginald Albert Benjamin<br>**Debtor 1**<br>Lindsey Rae Benjamin<br>**Debtor 2** | **Chapter** 13<br><br>**Case No.** 1:24-BK-01762-HWV<br><br>**Matter:** Motion for Wage Attachment Order |

## ORDER OF COURT

UPON CONSIDERATION of the above-referenced Debtor(s) having filed a Plan under Chapter 13 of the Bankruptcy Code and having submitted all future income to the jurisdiction of this Court in accordance with statute, IT IS HEREBY ORDERED that until further Order of this Court, the entity from whom Debtor 2, Lindsey Rae Benjamin, receives income from:

PennState Health
Attn: Payroll Department
PO Box 804 – CA522
Hershey, PA 17033-9524

Should deduct from said Debtor 2's income the sum of **$203.54** from each **bi-weekly** paycheck, or such other sums as Debtor 2 may from time to time direct, beginning on the next pay day following receipt of this Order and deduct a similar amount each pay period thereafter, including any period from which Debtor 2 receives a periodic or lump sum payment as a result of vacation, termination, or any benefits payable to Debtor 2, and to remit the deductible sums to:

Jack N. Zaharopoulos, Esquire
Standing Chapter 13 Trustee
PO Box 6008
Memphis, TN 38101-6008

IT IS FURTHER ORDERED that the entity from whom Debtor 2 receives income shall notify the Standing Chapter 13 Trustee if Debtor 2's income is terminated and the reason, therefore. IT IS FURTHER ORDERED that all remaining income of Debtor 2 except the amounts required to be withheld for taxes, social security, insurance, pension, or union dues be paid to said Debtor 2 in accordance with usual payment procedure. IT IS FURTHER ORDERED that the employer will place the Bankruptcy Case Number and the name of the Debtor(s) on all checks being forwarded to the Standing Chapter 13 Trustee to ensure proper accounting of the funds.

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Reginald Albert Benjamin<br>**Debtor 1**<br>Lindsey Rae Benjamin<br>**Debtor 2** | **Chapter** 13<br><br>**Case No.** 1:24-BK-01762-HWV<br><br>**Matter:** Motion for Wage Attachment Order |

## CERTIFICATE OF SERVICE

I hereby certify that on Thursday, December 5, 2024, I served a true and correct copy of the **Debtor(s)' Motion for Wage Attachment Order and proposed Order** in this proceeding upon the following:

<u>Via USPS First Class Mail</u>
PennState Health
Attn: Payroll Department
PO Box 804 – CA522
Hershey, PA 17033-9524

<u>Via Electronic Means</u>
Jack N. Zaharopoulos, Esquire
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036

Office of the United States Trustee
Sylvia H. Rambo US Courthouse
1501 North Sixth Street, 3rd Floor
Harrisburg, PA 17102

/s/ Kathryn S. Greene

Kathryn S. Greene, RP®, Pa.C.P.
Paralegal for Paul D. Murphy-Ahles, Esquire